UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIJUAN YANG,<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA, et al.,<br><br>Respondents. | Case No. 5:26-cv-04952 ODW (ADS)<br><br>ORDER GRANTING PETITION |

## I. THE PETITION

Petitioner Lijuan Yang filed the instant Petition on August 27, 2026, requesting habeas corpus relief. [Dkt. No. 1.] According to the Petition, Petitioner has a final order of removal after being granted voluntary departure and was released under conditions of supervision from immigration detention in January 2008. [Dkt. No. 1 at 6.] Petitioner alleges she subsequently resided in the United States for over seventeen years. [Id.] During this time, Petitioner alleges that she paid taxes, attended church, married a United States citizen, and lived openly in the community. [Id.] Petitioner

further alleges that she was re-detained by immigration officials without prior notice or a hearing on December 17, 2025. [Id.] Petitioner was served with written notice of Revocation of Release that same day. [Id. at 7.] Petitioner has been denied release on March 18, 2026, June 3, 2026, and July 14, 2026. [Id.] Petitioner alleges the following grounds for relief: (1) a violation of the regulations governing revocation of release; (2) an unlawful detention under 8 U.S.C. § 1231(a); (3) re-detention in violation of the procedural due process clause of the Fifth Amendment; and (4) detention in violation of substantive due process. [Id. at 7-15.] Petitioner requests immediate release from custody, the return of her personal belongings, and an injunction ordering Respondents to not re-detain her without showing, by clear and convincing evidence, a change in circumstances or that Petitioner poses a danger to the community or flight risk. [Id. at 15-16.] Petitioner also requests a declaration involving the alleged violations of Petitioner's rights. [Id. at 15.]

## II. PROCEDURAL HISTORY

On August 28, 2026, Respondents received notice of General Order 26-05, requiring Respondents to file an answer within 7 days. [Dkt No. 5.] No responsive pleading was filed. On September 8, 2026, Petitioner filed a Reply, highlighting that Respondents failed to answer the Petition. [Dkt. No. 7.] On September 9, 2026, the Court issued an order to show cause requiring a response from Respondents by no later than September 11, 2026. [Dkt. No. 8.] To date, Respondents have not appeared in the case.

## III. ANALYSIS

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens

within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As a matter of due process, many courts have found that noncitizens released on conditional parole are entitled to a pre-deprivation bond hearing prior to re-detainment. See Nath v. Chestnut, No. 1:26-CV-01800-DC-CKD (HC), 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (collecting cases); see also R.A.N.O. v. Wofford, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026) ("The Court concludes that a pre-deprivation hearing is necessary to satisfy due process"); see also E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on conditional parole, due process requires notice and a pre-deprivation hearing"); see also Petrosyan v. Mullin, No. 5:26-CV-01482-ODW-RAO, 2026 WL 1045565, at *2-4 (C.D. Cal. Apr. 13, 2026) (holding that a petitioner who was subject to a final removal order and released under conditions of supervision was entitled to greater due process prior to re-detainment).

Under Zadvydas, noncitizens subject to a final order of removal may only be detained for "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. Following a final order of removal, six months of detainment is considered to be a presumptively reasonable period of detention to effectuate the removal of a noncitizen. Id. at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Petitioner claims that her due process rights have been violated and her detention is unlawful under Zadvydas. Petitioner filed the Petition on August 27, 2026 and has been detained since December 17, 2025. Given that Petitioner has also been subject to a final order of removal during this timeframe, Petitioner's detention is outside the presumptively reasonable 6-month period under Zadvydas. Respondents have not appeared to defend this case. Therefore, Respondents have not presented any argument to meet their burden to show that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. Respondents have also not provided any argument regarding whether Petitioner was entitled to a pre-deprivation notice and a hearing prior to the revocation of her release. Respondents' failure to appear and defend the case is a concession to the Petition and its requested relief. Therefore, the unopposed Petition is granted.[1][2]

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The Petition is granted;

2. Respondents must immediately release Lijuan Yang (A# 075-661-763) from immigration detention under the prior conditions of her release;

[1] In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).

[2] Because the Court finds Petitioner is entitled to relief, the Court does not reach the other grounds asserted.

3. Respondents must return all of Petitioner's personal belongings, including her driver's license and employment authorization document;

4. Respondents are enjoined from re-detaining Petitioner without providing Petitioner notice and a pre-detention hearing before a neutral adjudicator where Respondents will bear the burden to demonstrate, by clear and convincing evidence, a change in circumstances or that Petitioner poses a danger to the community or flight risk; and

5. Judgment shall be entered accordingly.

Dated: September 16, 2026

THE HONORABLE OTIS D. WRIGHT, II
United States District Judge